LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
lunsfordp001@hawaii.rr.com
Telephone: (808) 543-2055
Fax: 543-2010

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRYCE MACNAUGHTON | CIVIL NO. |
| Plaintiff, | |
| | COMPLAINT |
| vs. | |
| C.J. KIMBERLY REAL ESTATE, LLC., C. J. KIMBERLY and ALICE BENNET-MORAN | |
| Defendants. | |

Plaintiff BRYCE MACNAUGHTON, through his undersigned counsel, avers and alleges as follows:

## COMPLAINT

### JURISDICTION AND VENUE

This court has original jurisdiction pursuant to 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of Title VIII of the 1968 Civil Rights Act as amended in 1988, 42 U.S.C. § 3601 through § 3631, commonly known as the Fair Housing Act.

Venue in this court is proper because all events material hereto occurred in the District of Hawaii.

### PARTIES

1. Plaintiff BRYCE MACNAUGHTON is a natural person.
2. Plaintiff is a person with a disability.
4. Defendant CJ KIMBERLY REAL ESTATE, LLC. is a domestic profit limited liability company, duly registered with the Business Registration Division of the State of Hawaii Department of Commerce and Consumer Affairs since 2012.
5. Defendant C. J. KIMBERLY is a natural person who, upon belief and information, is the sole member of this domestic limited liability company and the person who serves as the company's broker.
6. Defendant ALICE BENNETT-MORAN is a natural person who serves as an agent for the company.

## STATEMENT OF FACTS

7. Plaintiff and his wife and infant child relocated to Kailua Kona in 2015.

8. Plaintiff contacted Defendants to rent a residence.

9. Plaintiff first interacted with Defendant BENNETT-MORAN.

10. Plaintiff spoke with her on August 27, 2015, about obtaining a residence for himself and his family. She asked him if he had or planned on getting a pet. He answered in the negative because he had no plan on getting a pet, and Plaintiff knew that by law a service animal is not a pet. Defendant BENNETT-MORAN never asked him anything about service animals.

11. Plaintiff leased a residence through the Defendants located at the Keauhou Kona Surf & Racquet Club on a month-to-month basis.

12. Plaintiff knew from prior personal experience that he benefitted by having the assistance of a service dog and had recently had to give up the service animal he had had. So he began looking for another service dog. Soon after Plaintiff had moved into his Surf & Racquet Club residence, he succeeded in finding a service dog that met his needs.

13. On January 4, 2016 Defendant BENNETT-MORAN called Plaintiff and asked if he had a dog in his residence. He answered in the affirmative. He explained that the animal was not a pet but was a service animal. He offered to provide documentation from his physician, supporting the fact of his need for a service animal.

14. Defendant BENNETT-MORAN immediately took the position that it made no difference to the Defendants if the dog was a service animal

or not.  She insisted that Plaintiff get rid of his service animal or else he would be evicted.

15. Shortly thereafter Plaintiff went to the office of Defendant CJ KIMBERLY REAL ESTATE, LLC. to deliver the documentation from his physicians concerning his need for a service animal, intending to correct the defendants' misunderstanding of the law and to spare them from violating it.

16. Defendant C. J. KIMBERLY was present when Plaintiff met with Defendant BENNET-MORAN on that occasion.

17. Defendant BENNETT-MORAN stated an incorrect understanding of the law about service animals in housing circumstances in the presence of Defendant C.J. KIMBERLY, namely that the no-pet policy of the landlord whom Defendant CJ KIMBERLY REAL ESTATE, LLC represented trumped Plaintiff's fair housing service animal rights. Defendant C. J. KIMBERLY had the opportunity to correct her company's agent's misstatements but did not do so.  Defendants C. J. KIMBERLY and BENNETT-MORAN had the opportunity to initiate an interactive dialogue with Plaintiff but did not do so.  By remaining silent Defendant C. J. KIMBERLY ratified Defendant BENNET-MORAN's discriminatory acts, and thus both Defendants violated Plaintiff's fair housing rights.

18. Without doing anything to engage in an interactive dialogue, Defendants stood firm and demanded Plaintiff immediately remove the dog from his residence.  If he refused to do so, Defendants indicated that he and his family would be evicted.

19. Plaintiff inquired if he and his family could remain in their residence if he removed his service animal, and the Defendants responded in the affirmative.  Plaintiff stated that under protest and against his wishes he would remove the service animal from his residence to avoid being evicted.

4

20. Despite the fact that Plaintiff complied with Defendants' discriminatory demand and removed the animal from his residence, Defendants sent Plaintiff a notice terminating his month-to-month lease for his family's residence. This intentional discriminatory act of Defendants was in reckless disregard of Plaintiff's fair housing rights.

21. Plaintiff was very upset that he was being forced to move his family. Feeling they were not welcome in Kona, they moved back to Oahu.

## CLAIMS

22. Plaintiff claims Defendants violated 42 U.S.C. § 3604(f)(3)(B).

23. Plaintiff is a person with a disability as defined by 42 U.S.C. § 3602(h). He has impairments that substantially limit his major life functions. He has a history of having disabling conditions.

24. When ordered to remove his dog from his residence, Plaintiff explained to the Defendants that his dog was a service animal and that he needed the animal's assistance to fully and equally enjoy his residence. In so doing Plaintiff requested a reasonable accommodation that Defendants.

25. Pursuant to 42 U.S.C. § 3613(a)(1) and (2) Plaintiff seeks the relief provided for by 42 U.S.C. § 3613(c)(1) for actual and punitive damages in an amount to be shown at trial.

26. Plaintiff also seeks his reasonable attorney's fees and costs as provided for by 42 U.S.C. § 3613(c)(2) in an amount to be proved after he is adjudged the prevailing party.

THEREFORE PLAINTIFF PRAYS FOR JUDGMENT AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY AND FOR THE RELIEF SET FORTH HEREIN AND ANY ADDITIONAL RELIEF THE COURT DEEMS APPROPRIATE.

DATED: Honolulu, Hawaii, 9/14/16.

/s/  LUNSFORD DOLE PHILLIPS
     Attorney for Plaintiff

## SUMMONS

STATE OF HAWAII

To the above-named defendant(s):

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is stated above, an answer to the COMPLAINT that is attached hereto. This action must be taken within 21 days after service of this summons upon you, exclusive of the date of service.

If you fail to make your written answer within the 21-day time limit, judgment by default will be taken against you for the relief demanded in the COMPLAINT.

DATED: Honolulu, Hawaii, _____.


_____
Clerk of the above-entitled court


_____
Deputy Clerk of the above-entitled court


THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS. FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED